# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SOVEREIGN INTERNATIONAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>JOHN MINTURN, MPH GROUTING LLC, WILLIAM HUDNALL, ANTHONY PONTIER, and MPHLEX LLC,<br><br>Defendants,<br><br>ANTHONY PONTIER and MPHLEX LLC,<br><br>Counterclaimants/Third-Party Plaintiffs,<br><br>v.<br><br>SOVEREIGN INTERNATIONAL, INC.,<br><br>Counterclaim Defendant,<br><br>and<br><br>NICO GROBLER, DEON VAN DYK, RELBORGN PTY LTD. and TRIOMVIRI PTY LTD.,<br><br>Third-Party Defendants. | Case No. 4:20-cv-00298-SRB |

## **ORDER**

Before the Court is Plaintiff's Motion to Remand. (Doc. #19). For the reasons stated below, the motion is GRANTED. The case is hereby remanded to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1447(c).

I. BACKGROUND

This case arises from the alleged violation of a non-compete agreement between Plaintiff Sovereign International, Inc. ("Sovereign") and Defendant John Minturn ("Minturn"), a former Sovereign executive. Sovereign, a company specializing in the manufacture and application of subsurface grouting products, employed Minturn as an executive until December 2017. At some point in 2018, Sovereign learned Minturn was engaging in conduct it considered to be a breach of an existing non-compete agreement. Rather than file suit, Sovereign and Minturn executed a settlement agreement on April 18, 2018 (the "Settlement Agreement"), which also incorporated a confidentiality, intellectual property assignment, non-solicitation, and non-competition agreement (the "Restrictive Covenant Agreement").

A complicated series of events transpired following the execution of the Settlement Agreement, an abbreviated version of which is detailed below. In early 2019, Minturn formed MPH Grouting, LLC, ("MPH Grouting") along with William Hudnall ("Hudnall") and Anthony Pontier ("Pontier"). MPH Grouting allegedly began to engage in business that directly competed with Sovereign and purportedly violated terms contained within the Settlement Agreement. At one point, MPH Grouting tried to procure from Sovereign a release of Minturn from the various restrictive obligations contained in the Settlement Agreement, an effort Sovereign characterizes in its briefing as an "extortion attempt." (Doc. #20, p. 7). Sovereign subsequently filed suit in Missouri state court against Minturn in May 2019, seeking, *inter alia*, a declaration that the terms of the 2018 Settlement Agreement were enforceable and that prohibited Minturn from operating his planned subsurface grouting business. As the suit proceeded in state court, Hudnall and Pontier organized a new subsurface grouting business, MPHlex LLC ("MPHlex"), that appeared to be in direct competition with Sovereign. Upon learning of MPHlex's formation, Sovereign

2

Case 4:20-cv-00298-SRB   Document 60   Filed 06/12/20   Page 2 of 9

moved to amend its petition to add Pontier, Hudnall, MPHlex, and MPH Grouting as defendants and assert additional claims against them. The state court judge granted the motion to amend and deemed Sovereign's second amended petition[1] filed as of February 7, 2020.

In its second amended complaint, Sovereign sought relief for: (1) Count I: Breach of Contract (against Minturn); (2) Count II: Tortious Interference (against Hudnall, Pontier, MPH Grouting, and MPHlex); (3) Count III: Civil Conspiracy to Breach the Restrictive Covenant Agreement (against all Defendants); (4) Count IV: Civil Conspiracy to Tortuously Interfere with the Restrictive Covenant Agreement (against Hudnall, Pontier, MPH Grouting, and MPHlex); (5) Count V: Misappropriation of Trade Secrets (against all Defendants); (6) Count VI: Preliminary and Permanent Injunction (against all Defendants); (7) Count VII: Declaratory Judgment (against Minturn); and (8) Count VIII: Breach of Fiduciary Duty (against Minturn). After Sovereign's second amended complaint was deemed filed, both Pontier and MPHlex's then-counsel agreed to accept service for the amended complaint on February 26, 2020, in exchange for an extension of their answer deadline. Hudnall, acting *pro se*, agreed to accept service under the same terms. Counsel for Sovereign agreed to extend the deadline to answer the second amended complaint to April 14, 2020.

On April 14, 2020, all Defendants answered Sovereign's second amended complaint and raised various counterclaims. Pontier, MPHlex, and Hudnall each raised counterclaims seeking to invalidate three patents licensed to Sovereign by Nico Grobler ("Grobler"), Deon Van Dyk ("Van Dyk"), Relborgn Pty. Ltd. ("Relborgn"), and Triomviri Pty. Ltd. ("Triomviri"), who were also joined to the suit as third-party defendants. That same day—forty-eight days after Pontier, MPHlex and Hudnall accepted service of Sovereign's second amended complaint— Pontier and

---

[1] The Court will hereinafter refer to this pleading as "second amended complaint" in order to correspond with the terminology used in the Federal Rules of Civil Procedure.

MPHlex filed a Notice of Removal with this Court, stating that their counterclaims challenging Sovereign's patents are "claims for relief arising under an Act of Congress relating to patents" and render the case removable under 28 U.S.C. § 1454.[2]  On May 8, 2020, Sovereign moved to remand, contending the removal filed by Pontier and MPHLex was untimely and that neither Pontier nor MPHlex have shown cause to extend the removal deadline under § 1454(b)(2).  The Court held oral argument on June 9, 2020, on Sovereign's motion to remand and its subsequently filed motion to dismiss for lack of subject matter jurisdiction.

## II. LEGAL STANDARD

Generally, defendants to a state court action may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]"  28 U.S.C. § 1441(a).  The party seeking removal bears the burden of establishing subject matter jurisdiction.  *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Op., Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).  Removal may be challenged by filing a motion to remand.  *See* 28 U.S.C. § 1447(c) ("a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal").  "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand."  *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

Under 28 U.S.C. § 1338, "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents," and 28 U.S.C. § 1454 authorizes the removal of such claims to federal court.  In turn, removal may be based on a counterclaim if

---

[2] Pontier, MPHlex, and Hudnall each asserted against Sovereign, Grobler, and Van Dyk: (1) Count I: Declaratory Judgment Invalidating Patent US 9.027.930 B2; (2) Count II: Declaratory Judgment Invalidating Patent US 10.227.746 B2; and (3) Count III: Declaratory Judgment Invalidating Patent US 10.309.220 B2.

4

that claim arises under patent law.  *See Intellisoft, Ltd. v. Acer Am. Corp.*, 955 F.3d 927, 934 (Fed. Cir. 2020) (noting that removal under § 1454 "requires that the claim supporting removal must be contained in an operative pleading"); *see also Badhwa v. Veritec, Inc.*, 367 F.Supp.3d 890, 906–07 (D. Minn. 2018) (acknowledging that declaratory judgment counterclaims may be removed under § 1454 if they arise under patent law).  Where removal is based solely on § 1454, the action "may be removed by any party and the time limitations contained in [§] 1446(b) may be extended at any time for cause shown."  28 U.S.C. § 1454(b)(1)–(2).  The time limitations of § 1446(b) require the removing party to file its notice of removal within thirty days of receiving notice of the pleading that renders the case removable.  *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . . [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable."); *Accutrax, LLC v. Kildevaeld*, 140 F.Supp.3d 168, 171 (D. Mass. 2015) ("It is clear that § 1454 incorporates the thirty-day removal requirements of § 1446.").

### III. DISCUSSION

The parties agree that Defendants Pontier, MPHlex, and Hudnall's declaratory judgment counterclaims arise under patent law and thus may properly serve as the basis for removal under § 1454.  Additionally, Pontier, MPHlex, and Hudnall conceded in their suggestions in opposition to remand and during oral argument that removal occurred more than thirty days after Pontier, MPHlex, and Hudnall became aware of the potential patent issues stemming from Sovereign's

5

second amended complaint.[3]  However, because this case was removed solely based on § 1454, the thirty-day time limitation contained in § 1446(b) "may be extended at any time for cause shown."  The parties dispute whether Pontier, MPHlex, and Hudnall have shown cause for an extension under § 1454.

The Eighth Circuit has not decided what constitutes "cause shown" under § 1454(b)(2).  The consensus among district courts that have considered the issue is that the removing party bears the burden of putting forth some reason for why the untimely removal should be excused.  *See, e.g.*, *Andrews v. Daughtry*, 994 F.Supp.2d 728, 734 (M.D.N.C. 2014) (collecting cases and finding "cause shown" under § 1454(b)(2) to be analogous with the "good cause" standard of Federal Rule of Civil Procedure 6(b)).  While the "cause shown" standard is not a particularly high bar, courts have found that untimely removal due to a party's "oversight, inadvertence, or excusable neglect" is generally insufficient to warrant an extension.  *Univ. of Ky. Res. Found., Inc. v. Niadyne, Inc.*, No. Civ. 13-16-GFVT, 2013 WL 5943921, at *10 (E.D. Ky. Nov. 5, 2013); *see also SnoWizard, Inc. v. Andrews*, No. Civ. A. 12-2796, 2013 WL 3728410, at *6 (E.D. La. July 12, 2013) (finding no cause shown where "nothing ever prevented Defendants from seeking removal earlier, as they were put on notice of the potential grounds for removal as of the date they received the petition"); *NematicITO, Inc. v. Spectrum Five LLC*, No. 16-CV-01859-RS, 2016 WL 3167181, at *4 (N.D. Cal. June 6, 2016) (evaluating whether the extension of removal deadline under § 1454(b)(2) was "reasonable, justified, and would not result in prejudice to any party").  As observed by the Eastern District of Kentucky in *Niadyne*, the timing provisions of

---

[3] The parties agree the thirty-day time clock for removal started on February 26, 2020, when Pontier, MPHlex, and Hudnall gained constructive knowledge of Sovereign's second amended complaint and agreed to waive formal service of that second amended complaint.  (Doc. #36, p. 7).  Accordingly, Pontier, MPHlex, and Hudnall had until and including March 27, 2020, to timely remove the case to federal court under § 1446(b).  The case was not removed until April 14, 2020.

6

§ 1446 and § 1454 "are important because they limit the ability of the Defendant to test the waters in one forum and, finding them inhospitable, move to another forum that might be more sympathetic to its views." 2013 WL 5943921, at *10.

Defendants present two arguments as to why they have demonstrated "cause shown" for an extension of the removal deadline under § 1454. Both arguments fail.[4] The first argument is that Sovereign waived its right to challenge the timeliness of Pontier and MPHlex's removal by agreeing to extend their answer deadline. Specifically, Pontier and MPHlex argue Sovereign's agreement to give Pontier, MPHlex, and Hudnall until April 14, 2020 "to answer or otherwise respond" to its second amended complaint constituted a bargained-for agreement that Sovereign would not object to removal on timeliness grounds. *See Nolan v. Prime Tanning Co.*, 871 F.2d 76, 78 (8th Cir. 1989) (noting that "[p]rocedural removal requirements, such as [timeliness of removal], are not jurisdictional, and thus a party may waive the right to object to removal on these grounds."). This argument, in essence, is an estoppel argument. But neither Pontier nor MPHlex show a clear or explicit agreement by Sovereign to waive any timeliness objections to removal. Other district courts who have considered this argument have similarly found that an agreement to extend the answer deadline does not operate as a waiver of the right to object to an untimely removal, absent clear or express language to the contrary. *See, e.g., Hinz v. Swisher Hygiene USA Ops., Inc.*, No. 4:13-CV-1183 JAR, 2014 WL 520457, at *2 (E.D. Mo. Feb. 7, 2014) ("In sum, the Court finds that Plaintiff's counsel did not agree to waive any objection to

---

[4] In their briefing in opposition to remand, Pontier and MPHlex suggest the parties agreed to extend the removal deadline. However, the timing provisions of § 1446 are mandatory, must be strictly construed, and may not be extended by agreement of the parties. *See Rampy v. Sw. Bell Tel. Co.*, 615 F. Supp. 996, 999 (W.D. Mo. 1985) (citations omitted) ("It is clear that the time provided for removal in Section 1446(b) could not be extended by any stipulation filed in State court."). To the extent Pontier and MPHlex contend they were entitled to more than thirty days to remove the case to federal court based on the parties' agreement, that argument fails.

the timeliness of the Notice of Removal by agreeing to an extension for filing a responsive pleading."); *Phoenix Drilling, Inc. v. Mammoth Res. Partners, Inc.*, No. 2:09-CV-97, 2009 WL 3161460, at *2 (N.D. W.Va. Sept. 25, 2009) (finding the same); *compare with Staples v. Joseph Morton Co.*, 444 F. Supp. 1312, 1313 (E.D.N.Y. 1978) (estopping plaintiff from objecting to an untimely removal based on express written agreement to join in any future motion to remove the case to federal court). Further, Sovereign has not engaged in any conduct suggesting a waiver of its right to seek remand. *E.g.*, *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996).

The second argument advanced by Defendants is that removal, while untimely, was done in good faith, has not prejudiced Sovereign, and will have a minimal delay, if any, on the judicial proceedings. Defendants' argument relies on the Eighth Circuit decision *Treasurer, Trustees of Drury Indus., Inc. Health Care Plan and Trust v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012), which evaluated whether a district court erred in granting a party leave to file an untimely notice of appeal under Federal Rule of Appellate Procedure 4(a). The Court finds *Goding* to be distinguishable from this case, particularly since the timeliness issue here arises in the context of removal and district courts are "required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co.*, 119 F.3d at 625. Courts that have considered the "cause shown" standard of § 1454 uniformly require the removing party to provide *some* justification of why an untimely removal should be excused. Minimizing the potential prejudice suffered by Sovereign or downplaying the likelihood of delay does not, in this Court's view, satisfy Defendants' burden to show cause for their failure to remove the action within thirty days as required by § 1446(b). *See, e.g.*, *Niadyne*, 2013 WL 5943921, at *10 ("[C]ourts must not allow removing parties to forge statutes like Section 1454 into a jurisdictional sword, with which they may gain a tactical advantage over their adversary.").

8

In sum, thirty days passed without Pontier and MPHlex effectuating removal and, having shown no cause justifying that delay, their untimely removal is improper. As a result, this court lacks jurisdiction to decide the instant dispute and remand is proper. *See* 28 U.S.C. § 1447(c).

## IV. CONCLUSION

Accordingly, Plaintiff's Motion to Remand (Doc. #19) is hereby GRANTED.[5] The case is hereby remanded to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Date: June 12, 2020

---

[5] Given this Court's determination that remand is appropriate, the Court need not consider Sovereign's Motion to Dismiss for Lack of Jurisdiction (Doc. #21), Sovereign's Motions to Dismiss for Failure to State a Claim (Doc. #22, Doc. #24, Doc. #26); Sovereign's Motion to Strike or Sever (Doc. #28); MPHlex's Motion for Leave to File Second Amended Counterclaim (Doc. #42); Minturn and MPH Grouting, LLC's Motion for Leave to File to File Second Amended Counterclaim (Doc. #44); Hudnall's Motion for Leave to File Amended Counter-Petition (Doc. #45); or the Joint Motion for Preliminary Injunction Pursuant to the Lanham Act (Doc. #51).

9

Case 4:20-cv-00298-SRB   Document 60   Filed 06/12/20   Page 9 of 9